UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RODOLFO SANTAMARIA ROJAS,
Petitioner,
v.
JAMES JANECKA, et al.,
Respondents.

Case No. 2:26-cv-11569-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 246-844-849**

Rodolfo Santamaria Rojas ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking immediate release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. The Court has considered the Petition, Respondents' answer, and Petitioner's reply. Dkt. Nos. 9, 12.

## I. Background

The Court incorporates by reference, the allegations set forth in the Petition. Dkt. No. 1.

## II. Discussion

The Petition raises two claims: (1) Petitioner's detention under 8 U.S.C. § 1225(b)(2), as opposed to § 1226(a), violates the Immigration and Nationality Act ("INA"); and (2) his detention violates substantive and procedural due process. Regarding the due process claim, Petitioner asserts that he "has a protected liberty interest requiring a pre-deprivation hearing prior to his detention on August 31, 2026. Respondents' failure to provide such hearing constitutes a due process violation." Dkt. No. 1, Petition ¶ 69. The Petition seeks immediate release.

Respondents' answer asserts that "to the extent Petitioner would be entitled to any remedy via the Habeas Petition, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Dkt. No. 9 at 1. Respondents oppose release and argue they are detaining Petitioner pursuant to their discretionary statutory authority to detain noncitizens in removal proceedings. *Id.* at 1–2 (citing 8 U.S.C. § 1226(a)). Respondents also state, according to Petitioner's I-213 form, Petitioner was arrested by the San Luis Obispo County Sheriff's Office on October 4, 2024 for assault with intent for rape/mayhem, kidnapping, false imprisonment, and for inflicting corporal injury on a spouse/cohabitant. *Id.* at 2. Respondents contend "[Petitioner's] criminal history should be weighed by an Immigration Judge at a bond hearing." *Id.*

In the reply, Petitioner reasserts the due process claim which challenges the procedures Respondents used in detaining him, adding that the government created a protected liberty interest by releasing him on conditional parole on January 10, 2023. Dkt. No. 12. Regarding the arrest, Petitioner asserts he was never convicted and the charges were dropped by the prosecutor. *Id.* at 3.

Based on the record before the Court, including Respondents' own evidence, Petitioner was paroled into the United States by immigration authorities, is currently in removal proceedings, and was re-detained at his ICE check-in without a pre-deprivation hearing.

**A. Procedural Due Process**

The re-detention, without notice or a pre-deprivation hearing, of a noncitizen who was released on conditions shortly after entering into the United States and then fully complied with those conditions, can constitute a violation of the right to due process. *See Cruz v. Lyons, et al.*, No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

**1. Private Interest**

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States for over three years—since January 10, 2023, when he was paroled into the United States by immigration authorities. Dkt. No. 9-1 at 2. Thereafter, Petitioner filed an asylum application, which is pending, and received employment authorization. On August 31, 2026, Petitioner was arrested at his mandatory Immigration and Customs Enforcement ("ICE") check-in. Petitioner has children who are currently in foster care. Petition ¶ 57. He "seeks his release so he may be reunited with his children and remove them from foster care." Dkt. No. 12 at 4.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial

interest in maintaining his freedom from confinement. *See Cruz*, 2025 WL 4051129 at *3; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk). Here, Petitioner alleges he has not been given any bond hearing or custody re-determination hearing by Respondents. Petition ¶ 71.

Further, in evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539, at *4 (E.D. Cal.

Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

Petitioner's I-213 form, provided by Respondents, shows an October 4, 2024 arrest by the San Luis Obispo Sheriff's Office for assault with intent to rape/mayhem, kidnapping, false imprisonment, and inflicting corporal injury on a spouse/cohabitant. Dkt. No. 9-1 at 2. The I-213 states this "[c]ase is currently pending." *Id.* Based on the record before the Court, this appears to be Petitioner's only criminal history. The I-213 form also states that ICE took Petitioner into custody on August 31, 2026 (at his scheduled check-in) due to this arrest. *Id.* at 3 ("ERO Los Angeles processed [Petitioner] as a Custody Redetermination for his recent arrest . . . . [Petitioner] is a safety threat to the community and a flight risk."). The I-213 form provides no underlying information about the arrest.

Petitioner disputes that the criminal case is "pending". In reply, Petitioner states that the charges were dropped by the prosecutor and did not result in a conviction. Further, the arrest itself was later deemed a "detention only" pursuant to California Penal Code § 851.6, which states in relevant part:

> (a) In any case in which a person is arrested and released pursuant to paragraph (1), (3), or (5) of subdivision (b) of Section 849, the person shall be issued a certificate, signed by the releasing officer or his superior officer, describing the action as a detention.
> (b) In any case in which a person is arrested and released and an accusatory pleading is not filed charging him or her with an offense, the person shall be issued a certificate by the law enforcement agency which arrested him or her describing the action as a detention.

Cal. Penal Code § 851.6

Petitioner submitted a Detention Certificate by the Atascadero Police Department pursuant to Section 851.6 which reflects that Petitioner's October 4, 2024 arrest was a detention only and not an arrest. Dkt. No. 12-1 at 2.

Petitioner also submitted a March 14, 2025 letter from San Luis Obispo County District Attorney Dan Dow stating that after reviewing the reports concerning the incident in which Petitioner was involved, the District Attorney's Office would not file charges at that time; the letter informed Petitioner that he need not appear for his court date on March 17, 2025. Dkt. No. 12-2. This information is corroborated by the docket in the criminal case, which shows that Petitioner posted bond after his arrest and that the parties agreed to continue the arraignment several times until March 17, 2025, when the District Attorney informed the court that "the filing was rejected" and Petitioner's release on bond was exonerated under Penal Code 1305(a)(2).[1] *See* Dkt. No. 12-3 at 5. This evidence contradicts the statement in the I-213 form that Petitioner's criminal case is pending.

Respondents did not provide further evidence or explain how the arrest affects Petitioner's due process claim. To the extent Respondents argue that Petitioner's October 2024 arrest warranted his re-detention in August 2026, the Court is unpersuaded in light of Petitioner's evidence showing that charges were never pursued.

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Since Petitioner was released on parole by immigration authorities, he has established substantial ties with the community and there is no evidence that he has violated his release conditions. In fact, Petitioner was re-detained

---

[1] Cal. Penal Code § 1305(a)(2) provides that "[n]otwithstanding paragraph (1), except as provided in subparagraph (B), the court shall not have jurisdiction to declare a forfeiture and the bail shall be released of all obligations under the bond if the case is dismissed or if no complaint is filed within 15 days from the date of arraignment."

after reporting at his ICE check-in appointment—further demonstrating that he was complying with immigration requirements.

Therefore, based on this record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's detention of

Petitioner without adequate pre-deprivation process violated due process.[2] Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claim. Nothing prevents Petitioner from raising this claim again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III. Order

For the foregoing reasons, the Petition is GRANTED under Count Two for procedural due process, and the remaining count is dismissed without prejudice.

Petitioner Rodolfo Santamaria Rojas (A# 246-844-849) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

---

[2] Respondents' answer does not substantively address the Petition's request for release, or the argument that Petitioner has a protected liberty interest which required a pre-deprivation hearing, and that the failure to provide such a hearing violated due process. Petition ¶ 69. Respondents' failure to oppose Petitioner's claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: October 20, 2026

Patricia Donahue
United States Magistrate Judge